## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA
### (Norfolk Division)

**RYAN B. DAVIS,**

      **Plaintiff,**

**v.**                   **Civil Action No.: _____**

**THE UNITED STATES OF AMERICA**

  **Serve:**  **Lindsey Halligan, Esq.**
        **United States Attorney for the Eastern**
        **District of Virginia**
        **United States Attorney's Office—**
        **Eastern District of Virginia**
        **919 E. Main Street**
        **Suite 1900**
        **Richmond, VA 23219**

  **Serve Also:**  **THE UNITED STATES OF AMERICA**
          **Attorney General of the United States**
          **U.S. Department of Justice**
          **950 Pennsylvania Avenue, NW**
          **Washington, DC 20530-0001**

        **Defendant**

## COMPLAINT

Plaintiff, Ryan B. Davis, by counsel, for his Complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, moves this Court to enter judgment for compensatory damages against the Defendant, The United States of America ("Defendant USA") for personal injuries caused by the negligent or wrongful act or omission of an employee of the United States, on the grounds and in the amount as set forth below:

## Jurisdiction and Venue

1.	This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant under color of federal law.  The Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346 in that this is a claim against Defendant, for money damages, accruing on or after January 1, 1945, for personal injuries caused by the negligent and wrongful acts and omissions of an employee of the Government while acting within the course and scope of his employment, under circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

2.	Jurisdiction founded upon federal law is proper in that this action is premised upon federal causes of action under the FTCA, 28 U.S.C. § 2671, *et seq.*

3.	Pursuant to the FTCA, Plaintiff, by counsel, on August 31, 2023, presented his claim to the appropriate federal agency for administrative settlement under the FTCA.  The federal agency responded to the claim by issuing a denial of the claim on July 3, 2025.

4.	This action is timely pursuant to 28 U.S.C. § 2401.

5.	Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim occurred in this district.

## Parties

6.	Plaintiff is a resident of Virginia Beach, Virginia.

7.	Defendant USA was, at the time of the crash giving rise to this Complaint, the employer of Timothy R. Edmundson ("Edmundson), a civilian employee of the United States Navy, whose negligence in the course and scope of his employment gives rise to this Complaint.

8. Mr. Edmundson, at all material times, was an employee of Defendant USA and was acting within the course and scope of his employment at the time of the crash that is the subject of this Complaint.

9. On November 17, 2021, at approximately 8:31 a.m., Plaintiff was operating a vehicle traveling northbound on McKeever Avenue (Norfolk Naval Shipyard) in the City of Portsmouth, Virginia.

10. At the same time, Defendant USA's employee Edmundson, operating a motor vehicle leased through his employer, the United States of America, (United States Navy), in the course of and within the scope of his employment as an employee of the United States Navy was also traveling northbound on McKeever Avenue, directly in front of Plaintiff's vehicle.

11. At all material times, under Virginia law, Edmundson had a duty to operate Defendant USA's vehicle with reasonable care and due regard for others using the road, including but not limited to maintaining a proper lookout; keeping the vehicle under proper control; use ordinary care to see what a reasonable person would have seen, and to act as a reasonable person would have acted to avoid a collision under the circumstances; keeping the vehicle under proper control; operating the vehicle in a safe manner; to obey the Virginia motor vehicle code and to otherwise obey all applicable rules of the road.

12. Notwithstanding these duties, as Mr. Edmundson was driving through the intersection with Shubrick Street, he realized that he had missed his turn, and he abruptly began backing up, causing him to crash into the front end of Plaintiff's vehicle.

13. As a direct and proximate result of Defendant's negligence, Plaintiff was caused to sustain serious and permanent injuries; has suffered and will continue to suffer great pain of

body and mind and inconvenience; and has incurred and will continue to incur medical bills in an effort to be cured of these injuries.

14. The foregoing acts and omissions by Edmundson, a federal employee as described herein, constitute negligence under Virginia law. Therefore, under the Federal Tort Claims Act, Defendant USA is liable for Edmundson's acts or omissions.

WHEREFORE, Plaintiff prays for judgment against Defendant The United States of America in the amount of $650,000.00 in compensatory damages, together with prejudgment and post judgment interest thereon from November 17, 2021, until paid; his costs in this matter expended; and such other relief that is just and proper under the circumstances.

RYAN B. DAVIS

By: /s/ Robert L. Peresich
Of Counsel

Robert L. Peresich, Esq. (VSB #81510)
rperesich@joelbieber.com
Richard W. Zahn, Jr., Esq. (VSB #35975)
rzahn@joelbieber.com
The Joel Bieber Firm
272 Bendix Road, Suite 350
Virginia Beach, VA 23452
T:  (757) 428-9000
F:  (757) 216-2268
*Counsel for Plaintiff Ryan B. Davis*